Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 818-619-3774
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVE VACCARO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OPTUMRX, INC., and DOES 1-10, inclusive,<br><br>Defendant(s). | Case No. 2:25-cv-7184<br><br>**<u>CLASS ACTION</u>**<br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.];<br>2. COMMON LAW CONVERSION<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff DAVE VACCARO (“Plaintiff”), on behalf of himself and all others similarly situated, alleges the following against Defendant OPTUMRX, INC. (“Defendant”) upon information and belief based upon personal knowledge:

## INTRODUCTION

1. Plaintiff brings this Class Action Complaint pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA") and common law principles of tort for conversion.

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

3. In addition to violating federal law, Defendants' conduct constitutes unlawful conversion of Plaintiff's and Class members' funds. Plaintiff seeks to hold Defendants accountable for wrongfully exercising dominion and control over money to which Defendants had no lawful entitlement.

4. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

6. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1693(m), which states that any action under the EFTA may be brought in the United States district court, "without regard to the amount in controversy."

7. Ancillary to Plaintiff's Class Claims arising under the EFTA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law claim for conversion, because it forms part of the same case

or controversy and arises from a common nucleus of operative facts as the federal EFTA claim.

8. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

9. Plaintiff, DAVE VACCARO ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6).

10. At all relevant times herein, Defendant, OPTUMRX, INC. ("Defendant"), was and is a company engaged in the business of providing prescription medication and healthcare services to consumers, including through mail-order delivery. Furthermore, Defendant was, at all times relevant herein, a company engaged in electronically debiting funds from Plaintiff's bank account for consumer transactions. Defendant regularly processes electronic payments from consumers in the ordinary course of its business, and therefore is subject to the requirements of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq.

11. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS - EFTA

13. On or about November 15, 2024, Plaintiff made a one-time purchase from Defendant for a prescription medication, and authorized a single debit in the amount of $150.28 from Plaintiff's bank account. However, on or about November 18, 2024, and again on November 19, 2024, Defendant deducted the same amount twice from Plaintiff's bank account without Plaintiff's knowledge, consent, or authorization.

14. Defendant's duplicate withdrawals caused Plaintiff to suffer a measurable financial loss, for which Defendant has refused to promptly reimburse Plaintiff.

15. Plaintiff never provided Defendant with any authorization to make multiple or recurring deductions for the November 15, 2024 purchase. Plaintiff authorized a single transaction only and was never notified that a second withdrawal would occur.

16. Despite this, Defendant continued to automatically deduct unauthorized sums from Plaintiff without Plaintiff's consent or knowledge.

17. Furthermore, Defendant did not provide Plaintiff with, nor did Plaintiff execute, any written or electronic authorization for recurring or multiple payments.

18. Plaintiff alleges such activity to be in violation of the Electronic

Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its implementing regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

## FACTUAL ALLEGATIONS – COMMON LAW CONVERSION

19. At various times prior to the filing of this Complaint, including within the one year preceding its filing, Defendant wrongfully debited funds from Plaintiff's bank account without Plaintiff's knowledge or authorization.

20. On or about November 15, 2024, Plaintiff made a one-time payment to Defendant for a prescription medication purchase.

21. Plaintiff authorized a single payment in the amount of $150.28, which was debited by Defendant on or about November 18, 2024.

22. However, without Plaintiff's authorization or knowledge, Defendant initiated a second identical debit of $150.28 on or about November 19, 2024.

23. Plaintiff never authorized this second debit, was not notified of it in advance, and did not receive a refund in a timely manner.

24. Defendant's conduct constitutes a wrongful exercise of dominion and control over funds that belonged to Plaintiff and to which Defendant had no legal right.

25. Plaintiff never executed any agreement or provided any authorization for Defendant to withdraw multiple or recurring payments in connection with the November 2024 transaction.

26. Defendant's unauthorized retention and use of Plaintiff's funds deprived Plaintiff of rightful possession and use of that money, causing financial harm and frustration.

27. Plaintiff alleges that Defendant's conduct constitutes conversion under California common law and seeks compensatory damages, restitution, and all other available legal or equitable relief.

28. As a result of the above violations of the Electronic Fund Transfer Act and Defendant's wrongful conversion of Plaintiff's funds, Plaintiff suffered and continues to suffer financial harm, frustration, emotional distress, and anxiety. Defendant is therefore liable to Plaintiff for actual damages, statutory damages, restitution, and all other available relief, including costs and attorney's fees where permitted by law.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed classes defined as follows:

(a) The EFTA Class: All persons in the United States whose bank accounts were debited on a recurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

(b) The Conversion Class: All persons in the United States from whom Defendant withdrew funds without authorization and without lawful justification, and thereafter retained those funds, within the one year prior to the filing of this Complaint.

30. Plaintiff represents, and is a member of, both the EFTA Class and the Conversion Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendants without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

31. Defendant, its employees and agents are excluded from both Classes. Plaintiff does not know the number of members in either Class, but

believe the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

32. Each Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the EFTA Class and Conversion Class each include hundreds, if not thousands, of members. Plaintiff alleges that the identities of Class members may be ascertained by the records maintained by Defendant and/or its agents.

33. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because both the EFTA Class and Conversion Class are so numerous that joinder of all members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

34. There are questions of law and fact common to each Class affecting the parties to be represented. The questions of law and fact to each Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

a. The members of the EFTA Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments;

b. Defendants did not request, nor did it provide, EFTA Class members with written agreements memorializing the automatic or recurring electronic payments;

c. The members of the EFTA Class did not provide either a written (“wet”) or otherwise electronic signature authorizing the

automatic or recurring electronic payments; and

d. Whether Defendant debited accounts without such authorization in violation of the EFTA;

e. Whether Defendant exercised wrongful dominion and control over funds belonging to members of the Conversion Class without lawful justification;

f. Whether Defendant retained such funds despite lacking a legal right to do so.

35. Plaintiff is asserting claims that are typical of those of the EFTA Class and the Conversion Class, as Plaintiff's account was debited on a recurring basis without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers and without lawful entitlement.

36. Plaintiff will fairly and adequately protect the interests of the members of both Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

37. A class action is superior to other available methods of fair and efficient adjudication of this controversy. Individual litigation of the claims of all EFTA Class and Conversion Class members would be impracticable. Even if each member could afford separate litigation, it would impose an undue burden on the courts and create a risk of inconsistent judgments. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves judicial resources, and protects the rights of each Class member.

38. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such

non-party Class members to protect their interests.

39. Defendant has acted or refused to act in respects generally applicable to both the EFTA Class and the Conversion Class, thereby making appropriate final and injunctive relief with regard to the members of both Classes as a whole.

40. The following paragraphs apply specifically to the EFTA Class: Defendant failed to comply with the writing and notice requirements of § 907(a) of the EFTA, 15 U.S.C. § 1693e(a) as to the Class members with respect to the above alleged transactions.

41. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

42. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

43. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

44. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

45. In multiple instances, Defendant debited bank accounts of the Class

members on a recurring basis without obtaining a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic fund transfers from the accounts of the respective Class members, thereby violating § 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

46. In multiple instances, Defendant debited Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic funds transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

47. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

**COUNT I:**
**DEFENDANT VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT**
**(On Behalf of Plaintiff and the Class)**

48. Plaintiff re-incorporates by reference all of the allegations contained in paragraphs 1-47.

49. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

50. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

51. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides

that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

52. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

53. In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

54. In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, DAVE VACCARO, individually, and on behalf of the EFTA Class, respectfully requests judgment be entered against Defendant, OPTUMRX, INC. for the following:

a. That this action be certified as a class action on behalf of The

EFTA Class and the Conversion Class and that Plaintiff be appointed as the representative of both Classes;

b. Statutory damages of $1,000.00, per EFTA Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

c. Actual damages;

d. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);

e. For prejudgment interest at the legal rate; and

f. Any other relief this Honorable Court deems appropriate.

## COUNT II:
## COMMON LAW CONVERSION
## (On Behalf of Plaintiff and the Class)

55. Plaintiff re-incorporates by reference all of the allegations contained in paragraphs 1-39.

56. Defendant wrongfully exercised dominion and control over funds belonging to Plaintiff by debiting Plaintiff's bank account without authorization and retaining funds to which Defendant had no legal right. Neither Plaintiff nor members of the Conversion Class consented to the duplicate withdrawal, and Defendant's actions interfered with their right to possess and control those funds.

57. Defendant's conduct was intentional, willful, and done with disregard for Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVE VACCARO, individually and on behalf of the Conversion Class, respectfully requests judgment be entered against Defendant, OPTUMRX, INC., for the following:

a. Actual damages;

b. Restitution of unlawfully retained funds;

c. For such other further relief as may be just and proper.

## TRIAL BY JURY

58. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 4th day of August, 2025.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff